IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANTHONY M. JOHNSON, | § | |
| Reg. No. 15712-050, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-11-CV-154-PRM |
| | § | |
| M. TRAVIS BRAGG, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Anthony M. Johnson's ("Johnson") *pro se* application for habeas corpus under 28 U.S.C. § 2241.[1] Therein, Johnson, a prisoner currently incarcerated at the Federal Correctional Institution–La Tuna, in Anthony, Texas, challenges a prison disciplinary action brought against him for possessing unauthorized contraband. His punishment included restrictions on his commissary and telephone privileges for thirty days. He does not, however, claim that he lost previously earned good-time credits.[2] For the reasons discussed below, the Court will dismiss Johnson's petition, pursuant to 28 U.S.C. § 2243.[3]

A prisoner's challenge to a disciplinary action may fall within the scope of § 2241.[4]

---

[1] Johnson, a federal prisoner, erroneously used the form for a petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. Although Johnson used the wrong form, he provided sufficient information for the Court to address his claims under 28 U.S.C. § 2241.

[2] Pet. 5.

[3] 28 U.S.C. § 2243 (West 2011) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*.") (emphasis added).

[4] *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) ("Cleto's claim should have been filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, as he challenges the execution of his sentence rather than the validity of his conviction and sentence."); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("[A]ppellant's petition to expunge the Bureau's disciplinary

Relief is not available, however, unless the petitioner shows that prison authorities deprived him of some right secured by the Constitution or laws of the United States.[5] Moreover, "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."[6] A recognized liberty or property interest must be at stake before a due process claim is cognizable.[7] Accordingly, a petitioner is not entitled to due process protections in prison disciplinary hearings unless he is subjected to sanctions which "impose[ ] atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."[8]

Here, the Bureau of Prisons sanctioned Johnson by taking away his commissary and telephone privileges for thirty days. The loss of commissary privileges does not implicate due process concerns.[9] Further, an inmate has "no right to unlimited telephone use."[10] Moreover, neither sanction affects the fact or duration of his confinement or imposes an "atypical and

---

sanctions from his record, including the loss of good time credits, as a challenge to the execution of his sentence rather than the underlying conviction, is properly brought via an application for a writ under § 2241.").

[5] See Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness."); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995); Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985).

[6] Sandin v. Conner, 515 U.S. 472, 478 (1995).

[7] Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972).

[8] Sandin, 515 U.S. at 484.

[9] See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement and do not implicate due process concerns).

[10] Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982); see also Lewis v. Dretke, 54 F. App'x 795 at *1 (5th Cir. 2002) (unpublished op.) (finding that a prisoner's loss of telephone privileges for ninety days did not implicate a protected liberty interest).

significant hardship . . . in relation to the ordinary incidents of prison life."[11]

Therefore, after carefully examining Johnson's petition, the Court concludes that he has failed to establish that prison authorities deprived him of some right secured by the Constitution or laws of the United States. Absent such a showing, federal habeas corpus relief is not warranted. Accordingly, the Court enters the following orders:

1. The Court **DISMISSES WITH PREJUDICE** Petitioner Anthony M. Johnson's *pro se* application for habeas corpus under 28 U.S.C. § 2241.

2. The Court **DENIES AS MOOT** all pending motions.

**SO ORDERED.**

SIGNED this 26 day of April, 2011.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[11] *Sandin*, 515 U.S. at 484.